UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARCEL WRIGHT,
DC#, L35303
    Plaintiff,

v.                                                      Case No. 3:23-cv-15676/LAC/ZCB

IRVIN RAMOS,
    Defendant.
_____/

## MOTION TO DISMISS

Defendant Irvin Ramos moves this Court to dismiss the claims in the Plaintiff's Complaint (Doc. 1) to the extent Plaintiff requests punitive damages because they are barred by 18 U.S.C. §3626(a)(1)(A).

## SUPPORTING MEMORANDUM

### PROCEDURAL HISTORY AND ALLEGATIONS

Plaintiff, Marcel Wirght, is an inmate in the custody of the Florida Department of Corrections ("FDC") currently housed at Reception and Medical Center – West Unit.[1] Plaintiff initiated this action on June 6, 2023, by providing his Complaint to prison officials for mailing. (Doc 1 at 1).

---

[1] Information regarding Plaintiff's location and incarceration can be obtained via the Department's Inmate Population Information Detail page at: https://fdc.myflorida.com/offenderSearch/detail.aspx?Page=Detail&DCNumber=L35303&TypeSearch=AI.

1

Plaintiff asserts claims of cruel and unusual punishment by Defendant, in his individual capacity, in violation of the Eighth Amendment. (Doc. 1 at 9-11). Plaintiff seeks damages against Defendant. (Doc. 1 at 11).

Plaintiff's claims stem from an incident that allegedly occurred on August 12, 2022, while Plaintiff was waiting for breakfast. Plaintiff alleges that his blood sugar began to drop and, when he attempted to alert Defendant that he needed sugar or his food tray, Defendant was dismissive of his needs. Plaintiff then began to have a diabetic seizure due to his low blood sugar. Captain Harrison (non-party) was alerted, poured a packet of sugar into Plaintiff's mouth, and told Defendant to bring a glass of milk. Plaintiff alleges Defendant was indifferent to his medical emergency and could have died.

## ARGUMENT

**I.     Plaintiff's request for punitive damages must be dismissed.**

Punitive damages are statutorily barred. "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. §3626(a)(1)(A). Moreover, to grant prospective relief, the Court must "fin[d] that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." Id. Furthermore, the Court must "give

substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." Id.

Section 3626(a)(1)(A) applies to punitive damages because "prospective relief" is defined under the statute as "all relief other than compensatory monetary damages." 18 U.S.C. §3626(g)(7); see also Johnson v. Breeden, 280 F.3d 1308, 1325 (11th Cir. 2002) (finding that the plain language of the definition provision is clear and that "punitive damages are prospective relief").

As a categorical matter, punitive damages cannot satisfy the strict requirements of section 3626(a)(1)(A). First, punitive damages are never necessary to correct a violation of a Federal right. This is because "correction" of violation is accomplished through compensatory damages and punitive damages are, by their nature, never corrective.

> Although compensatory damages and punitive damages are typically awarded at the same time by the same decisionmaker, they serve distinct purposes. The former are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct. The latter, which have been described as "quasi-criminal," operate as "private fines" intended to punish the defendant and to deter future wrongdoing. A jury's assessment of the extent of a plaintiff's injury is essentially a factual determination, whereas its imposition of punitive damages is an expression of its moral condemnation.

Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 432 (2001) (cleaned up).

Second, even if an award of punitive damages could be thought reasonably

3

"necessary" to correct a legal violation, such an award could not satisfy the additional, stringent limitations imposed by the PLRA—i.e., the requirements that the relief be "narrowly drawn," "extend[] no further than necessary to correct the violation of the Federal right," and be "the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. §3626(a)(1)(A) (emphases added); see United States v. Whyte, 928 F.3d 1317, 1328 (11th Cir. 2019) (explaining that it is a "cardinal rule" of statutory interpretation that courts try to give "effect… to every clause… of a statute") (citation and internal quotation marks omitted)). Even if deterring future violations is conceptualized as one way of correcting a violation, punitive damages are never the "narrow[est]" or "least intrusive" way of effectuating such a correction. As the Supreme Court has explained, "[d]eterrence is… an important purpose of" the tort system created by section 1983, but such deterrence primarily "operates through the mechanism of damages that are compensatory—damages grounded in determinations of plaintiffs' actual losses." Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299, 307 (1986) (emphasis in original). Similarly, the Supreme Court has made "clear" that "nominal damages," not punitive damages, "are the appropriate means of 'vindicating' rights whose deprivation has not caused actual, provable injury." Id. at 308 n.11. Even assuming punitive damages are also an "appropriate" means of vindicating such rights, they are not less burdensome, more narrowly tailored, or

4

less intrusive than nominal damages.

Although the Eleventh Circuit held in Hoever v. Marks, 993 F.3d 1353, 1364 (11th Cir. 2021), that "[42 U.S.C.] §1997e(e) permits claims for punitive damages without a physical injury requirement," it expressly declined to consider whether section 3626 bars punitive damages. Id. at 1364 fn. 5. Because the Court did not consider the argument presented here, Hoever is not controlling on the issue. Moreover, in Johnson v. Breeden, 280 F.3d 1308, 1325-26 (11th Cir. 2002), the Eleventh Circuit interpreted section 3626(a)(1)(A) in a manner that indicates that it does not bar punitive damages.[2] However, the argument that section 3626 categorically bars punitive damages was not discussed, let alone rejected, in Johnson. Therefore, Johnson is not dispositive on the issue.[3] See United States v. Mitchell, 271 U.S. 9, 14 (1926) ("It is not to be thought that a question not raised by counsel or discussed in the opinion of the court has been decided merely because it existed in the record and might have been raised and considered.");

---

[2] Specifically, the Court stated that section 3626's requirements "mean that a punitive damages award must be no larger than reasonably necessary to deter the kind of violations of the federal right that occurred in the case. They also mean that such awards should be imposed against no more defendants than necessary to serve that deterrent function and that they are the least intrusive way of doing so." 280 F.3d at 1325 (emphases added). It further stated that "[m]any factors may enter into that determination. For example, the number of… violations an individual defendant or institution has had might affect whether punitive damages were necessary, and if so, the amount required to deter future violations." Id. (emphasis added).

[3] To the extent that this Court is bound by Johnson, the argument that section 3626 bars punitive damages is presented here to preserve the issue for appellate review.

Webster v. Fall, 266 U.S. 507, 511 (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.").

The Circuit Courts apparently have yet to directly address whether punitive damages are barred by section 3626. See, e.g., Hoever, 993 F.3d at 1364 n.5 ("We decline the government's invitation to address the availability of punitive damages in prison condition cases under 18 U.S.C. § 3626, as it falls outside the scope of the *en banc* briefing question posed to the parties.") (citation omitted); Al-Amin v. Smith, 637 F.3d 1192, 1199 n.10 (11th Cir. 2011) ("Since we find that § 1997e(e) prevents Al–Amin, in the absence of physical injury, from offering evidence supporting an award of punitive damages in this action, we need not consider the validity or timeliness of Defendants' alternative argument that 18 U.S.C. § 3626 prohibits punitive damage recovery as well."), overruled by Hoever, 993 F.3d at 1363-64; Vaughn v. Cambria Cnty. Prison, 709 Fed. Appx. 152, 155 n.2 (3d Cir. 2017) ("The Magistrate Judge stated that punitive damages were unavailable under 18 U.S.C. § 3626(a)(1)(A)… We offer no opinion on this issue at this time, and defer consideration of it in this proceeding because liability has not yet been found.") (citation omitted); Wilkerson v. Stalder, 329 F.3d 431, 434 n.3 (5th Cir. 2003) ("The district court chose to defer ruling on the prison officials' claim that the Prison Litigation Reform Act bars the inmates' claim for punitive

6

damages until such time as liability is found. Therefore, this issue is not properly before the court on appeal.") (citation omitted). Because of the apparent absence of Circuit precedent directly addressing this argument, Defendants rely on the plain meaning of the text of section 3626.

Punitive damages are never "necessary to correct the violation of" a Federal right because, "[i]n the strictest sense of the term, something is 'necessary' only if it is essential." Ayestas v. Davis, 138 S. Ct. 1080, 1093 (2018) (citing Webster's Third New International Dictionary 1510 (1993); 10 Oxford English Dictionary 275–276 (2d ed. 1989)); see also Necessary, Black's Law Dictionary (11th ed. 2019) (defining necessary to mean "essential"). And the text and context of section 3626(a) indicate that Congress intended to use the term "necessary" in the strict sense of that word. Unlike the "necessary and proper clause" of Article I, Section 8, for example, section 3626 uses the term "necessary" in the context of a "strict limitation[]," not a broad authorization. See Johnson, 280 F.3d at 1323. Similarly, the immediately surrounding text provides that relief is barred unless it is "narrowly drawn," "extends no further than necessary to correct the violation of the Federal right," and is "the least intrusive means necessary to correct the violation of the Federal right. 18 U.S.C. §3626(a)(1).

Punitive damages, however, are not even an appropriate mechanism for "correcting" a legal violation; to the extent that damages serve a "corrective"

7

function, that is what compensatory damages are for. By definition, "compensatory damages" are "[d]amages <u>sufficient</u> in amount to indemnify the injured person for the loss suffered." <u>Damages</u>, Black's Law Dictionary (11th ed. 2019) (emphasis added). Accordingly, punitive damages are not even intended to "correct" a legal violation by making the injured party whole; still less are they an "essential" way of making the plaintiff whole.

Consistent with dictionary definitions, caselaw recognizes that punitive damages awards serve two purposes, "punishing unlawful conduct and deterring its repetition." <u>State Farm Mut. Auto Ins. Co v. Campbell</u>, 538 U.S. 408, 416 (2003) (quotation omitted). Neither of those purposes makes punitive damages "necessary to correct" a violation of Federal law. By definition, one may "correct" a violation of law without "penalizing" past misconduct or "deterring" potential future violations. Ordinary English usage confirms that proposition. For example, one does not "correct" a future error before it happens; one seeks to deter it—i.e., to prevent it from happening in the first place. Likewise, punishment is not strictly necessary to remedy a wrong; instead, punishment serves other goals, like deterrence or retribution. <u>Cf</u>. <u>Kokesh v. S.E.C.</u>, 137 S. Ct. 1635, 1642 (2017) (distinguishing between remedies that are penalties, i.e. those that seek to punish, and those that seek to "compensate[e] a victim for his loss").

Moreover, reading section 3626 to categorically bar punitive damages does not prevent the court from fully remediating ongoing violations. In many civil actions with respect to prison conditions, a plaintiff alleges that his federal rights are being violated on an ongoing basis. In those cases, prospective relief may be warranted—for example, in the form of declaratory or injunctive relief that requires prison officials to "correct" their violation by bringing their conduct into conformity with the law. As this Court has explained, albeit in the context of interpreting section 1997e(e), such relief provides a "reasonably adequate opportunity" to seek redress for constitutional violations," even if prisoners "may not recover monetary damages for such claims." Al-Amin, 637 F.3d at 1197 (quotation marks and citation omitted).

What is more, to clear the high bar of the PLRA, relief other than compensatory monetary damages must extend "no further than necessary to correct the violation of the Federal right of [the] particular plaintiff or plaintiffs." 18 U.S.C. §3626(a)(1) (emphasis added). Punitive damages awards aimed at protecting inmates generally (e.g., through deterrence), rather than correcting the violations suffered by the particular plaintiff bringing the suit, are thus prohibited. Moreover, not only must punitive damages awards be plaintiff-specific, they must be defendant-specific. Section 3626(a)(1) requires that they be "narrowly drawn,"

9

which means that any deterrent must be aimed at deterring the particular defendant, not the correctional facility or government in general.

Because this Court cannot find that punitive damages are necessary to correct a violation of Plaintiff's rights or are the least intrusive means necessary to do so, punitive damages are barred by section 3626(a)(1)(A). Therefore, Plaintiff's request for punitive damages must be dismissed.

## CONCLUSION

WHEREFORE, Defendant requests that this Court dismiss Plaintiff's request for punitive damages.

Respectfully submitted,

**ASHLEY MOODY**
ATTORNEY GENERAL

*/s/ Brian R. Flynn-Fallon*
Brian R. Flynn-Fallon
Assistant Attorney General
Florida Bar No.: 1044316
Office of the Attorney General
The Capitol, Suite PL-01
Tallahassee, Florida 32399
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
Brian.Fallon@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Motion to Dismiss and Supporting Memorandum* has been electronically filed through the CM/ECF system on October 23, 2023, and furnished by U.S. mail on October 24, 2023, to: Marcel A. Wright, DC# L35303, Reception and Medical Center – West Unit, P.O. Box 628, Lake Butler, Florida 32054-0628.

*/s/ Brian R. Flynn-Fallon*
Brian R. Fallon, Esq

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

**I HEREBY CERTIFY** that the foregoing contains 2,147 words, which does not exceed the 8,000 total word maximum created by N.D. Fla. Loc. R. 7.1(F).

*/s/ Brian R. Flynn-Fallon*
Brian R. Fallon, Esq