UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARCELA WRIGHT,
    Plaintiff,

v.   Case No.: 3:23cv15676/LAC/ZCB

I. RAMOS,
    Defendant.
    _____/

## CASE MANAGEMENT AND SCHEDULING ORDER

Counsel for Defendant has filed a Notice of Appearance. (Doc. 13). Additionally, Defendant filed a Motion to Dismiss Plaintiff's Complaint. (Doc. 19). This Order authorizes discovery and constitutes the Court's scheduling order under Fed. R. Civ. P. 16(b).

Accordingly, it is **ORDERED**:

**(1) Discovery Period**. The **due date** of any requested discovery must be no later than **January 25, 2024.** The Federal Rules of Civil Procedure (Fed. R. Civ. P.) set out explicit time limits for responses to discovery requests. If Plaintiff or counsel for any Defendant cannot respond on time, this fact should be communicated by the most expeditious means to opposing counsel or the opposing party. If consent

to an extension of time cannot be obtained, a motion requesting the same should be immediately filed and served. In the meantime, no motion to compel a response may be filed. The parties may stipulate, without court approval, to extend a deadline for responding to a specific discovery request or for making a Fed. R. Civ. P. 26 disclosure if the extension does not interfere with the time set for any of these: completing discovery, submitting or responding to a motion, or trial. *See* N.D. Fla. Loc. R. 6.1. If an extension of time requires court approval, no extension will be granted except for good cause and upon a showing of diligence. *See* Fed R. Civ. P. 6(b).

The filing of motions **will not** operate to toll or extend the discovery deadline set forth in this Order.

**(2)** **Rule 26 Requirements**. Pursuant to Fed. R. Civ. P. 26(a)(1)(B)(iv) and (f), counsel and the *pro se* Plaintiff are not required to meet or make initial disclosures.

**Costs for any requested discovery will be borne by the party making the request**.

At some point in the future, the Court may direct the parties to discuss the possibility of a prompt settlement or resolution of the case.

**(3)** **Interrogatories and Requests for Production**. The number of interrogatories to any party, as governed by Fed. R. Civ. P. 33(a), may not exceed 25, including all discrete subparts. The number of requests for production to any party may not exceed 25.

**(4)** **Deposition of Incarcerated Plaintiff.**

Counsel for Defendant(s) is authorized, pursuant to Fed. R. Civ. P. 30(a)(2)(B), to depose Plaintiff. Counsel must contact the warden of Plaintiff's institution to arrange an appropriate time and place for the deposition.

**(5) Schedule.** The following schedule applies to this case:

(a) All motions and responses must be served and filed within the time required by the Federal Rules of Civil Procedure or the Local Rules.

(b) Dispositive motions, including any motion asserting an affirmative defense, must be filed as promptly as possible, with due regard for the discovery needs of the party opposing the motion, but,

unless otherwise permitted by court order, not later than **21 days** after the close of discovery.

(c) Unless otherwise ordered by the Court, no motions to compel discovery may be filed after 5:00 p.m. (CST) on the day discovery closes.

(d) The Court may dispose of motions without a hearing. N.D. Fla. Loc. R. 7.1(K).

**(6) Resolution of Discovery-Related Issues**.  Counsel and *pro se* parties must attempt to resolve discovery-related issues without the Court's intervention.  The Court will entertain a motion with respect to matters which remain in controversy only if, after consultation and sincere attempts to resolve differences, the parties are unable to reach an accord.  **Any motion to compel must include certification that such attempts have been made, in accordance with Fed. R. Civ. P. 37, and must be in the form required by Local Rule 26.1(D)**.  The parties' attention is also directed to the provisions of Rules 1 and 26(b)(1) and (g), Fed. R. Civ. P. (e.g., proportionality concerns and the parties' obligations).

**(7) Rule 37 Sanctions**.  If a party fails to cooperate in discovery, sanctions may be imposed on the recalcitrant party.  Fed. R. Civ. P. 37.  If a motion to compel is granted, or if the discovery which is the subject of the motion to compel is provided after the filing of the motion, the Court **must** (except under limited circumstances) require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney fees.  Fed. R. Civ. P. 37(5)(A).  If a motion to compel is denied, the Court **must** (except under limited circumstances) require the movant to pay the party who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney fees.  Fed. R. Civ. P. 37(5)(B).

**(8) Summary Judgment Motions**.  Any motion for summary judgment filed pursuant to Fed. R. Civ. P. 56 (or 12(b)(6) which requires reference to matters outside the pleading) must be accompanied by a supporting memorandum that complies with the form and length requirements of Local Rule 56.1(B).  The memorandum must include a statement of facts generally in the form that would be appropriate in an

appellate brief. A statement of facts must not be set out in a separate document.

If Plaintiff is the opposing party, he will be directed to submit a response to any such motion and may await the issuance of an order specifically directing the response. The party opposing a motion for summary judgment must, in addition to other papers or matters permitted by the rules, file and serve an opposing memorandum and any opposing evidence not already in the record. N.D. Fla. Loc. R. 56.1(C). In the memorandum, the opposing party must respond to the moving party's statement of facts as would be appropriate in an appellate brief. The opposing party must not file a separate document setting out the facts or responding to the moving party's statement of facts.

In the statement of facts section of the memorandum, each party must reference the appropriate deposition, affidavit, interrogatory, admission, or other source of the relied-upon material fact, by page, paragraph, number, or other detail sufficient to permit the court to readily locate and check the source. N.D. Fla. Loc. R. 56.1(F). The Court

may, **but need not**, consider record evidence that has not been properly cited.  N.D. Fla. Loc. R. 56.1(F).

**Any party seeking to file electronic evidence must submit it on a USB drive.**  Any Defendant seeking to file electronic evidence showing the inside of a correctional institution is authorized to file it under seal.  To do so, Defendant must provide the USB drive to the Clerk of Court and file a notice of filing exhibit under seal referencing this Order and indicating whether Plaintiff had an opportunity to view the content of the USB drive.  The Clerk must store and maintain the electronic evidence under seal during the pendency of this action.  Within 90 days after the case is closed and all appeals have been exhausted, the Defendant who filed the USB drive under seal must retrieve it from the Clerk.  The Clerk may destroy the USB drive (and any other exhibit) if it is not timely retrieved.

**(9)** <u>**Non-Filing of Rule 26 Disclosures and Discovery Materials.**</u>  In accordance with Fed. R. Civ. P. 5(d), the parties must serve but **must not file with the clerk** copies of discovery materials (including notices of deposition, deposition transcripts, interrogatories,

responses to interrogatories, production requests, responses to production requests, admissions requests, or responses to admissions requests) unless and until needed for the Court's consideration of pending motions. The parties need not serve and **must not file with the Clerk** separate notices of serving interrogatories or interrogatory responses, notices of serving production requests or responses, or notices of serving admissions requests or responses.

**(10) Consent to Magistrate Judge Jurisdiction.** In accordance with 28 U.S.C. § 636(c)(2), the Clerk of Court is directed to send Plaintiff a form for consenting to magistrate judge jurisdiction, with this case number written on the form. Consenting to a magistrate judge in this case may result in a speedier resolution. The parties are advised that consenting to magistrate judge jurisdiction in no way impacts the right of the parties to have a jury trial because a magistrate judge may preside over a jury trial. The parties should also be aware that even if they do not consent to magistrate judge jurisdiction, this matter will be automatically referred to a magistrate judge for the resolution of any pretrial matters and for a recommendation regarding the resolution of

any dispositive matters. Plaintiff is not required to consent, but if Plaintiff wishes to consent, he should sign the form and forward it to counsel for a Defendants. If Defendants consent, counsel should sign and return it to the Clerk of Court only if all other parties have consented.

**(11)** <u>**Amendments**</u>. This Order may be amended by the Court on its own motion or upon motion of any party.

**DONE AND ORDERED** this 25th day of October 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge