UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION.


MARCEL A. WRIGHT,                   CASE NO:
    PLAINTIFF,                      3:23CV15676/LAC/ZCB
V.
I. RAMOS,
    DEFENDANT,


RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS.

COME NOW THE PLAINTIFF MARCEL A WRIGHT IN PRO'SE MOVES THIS COURT TO DENY THE DEFENDANTS MOTION TO DISMISS THE PLAINTIFFS COMPLIANT IN THE ABOVE CASE NUMBER. AND THE GROUNDS / REASONS ARE AS FOLLOW(S):

GROUND ONE

WITHIN THE DEFENDANTS MOTION TO DISMISS, THE DEFENDANT SEEKS TO PERSUE THIS COURT THAT THE PLAINTIFF CANNOT BE AWARDED PUNITIVE DAMAGES. BECAUSE PLAINTIFF HAS NOT SHOWN INJURY OR PRIOR INJURY. THE DEFENDANT GOES ON FURTHER TO STATE THAT PUNITIVE DAMAGES CAN NOT SATISFY THE STRICT REQUIREMENT OF SECTION 3626(A)(1)(A) BECAUSE

PUNITIVE DAMAGES ARE NEVER NECESSARY TO CORRECT A VIOLATION OF A FEDERAL RIGHT. BECAUSE "CORRECTION" OF VIOLATION IS ACCOMPLISHED THROUGH COMPENSATORY DAMAGES AND PUNITIVE DAMAGES ARE, BY THEIR NATURE, NEVER CORRECTIVE. THE DEFENDANTS ARGUMENT IS INCORRECT, THE ELEVENTH CIRCUIT RULING IN HOEVER V. MARKS, 993 F.3d 1353, 1364 (11TH CIR 2021) ALLOWS THE PLAINTIFF TO SEEK PUNITIVE DAMAGES WITHOUT SEEKING COMPENSATORY DAMAGES. WITHIN PLAINTIFF'S COMPLIANT, THE PLAINTIFF SOUGHT PUNITIVE DAMAGES DUE TO THE FACT THAT CORRECTIONS OFFICER/SGT I. RAMOS VIOLATED HIS 8TH AMENDMENT RIGHT AGAINST CRUEL AND UNUSUAL PUNISHMENT. IN DOING SO THE PLAINTIFF ARGUED THAT OFFICER/SGT I. RAMOS ACTED AND SHOWED DELIBERATE INDIFFERENCE TO HIS DUTIES AND TO PLAINTIFF'S CONSTITUTIONAL RIGHTS. IN HOEVER V. MARKS THE ELEVENTH CIRCUIT COURT EXPRESSLY DECLINED TO CONSIDER WHETHER SECTION 3626 BARS PUNITIVE DAMAGES Id AT 1364. SO THIS COURT NEED NOT TO CONSIDER SECTION 3626 WITHIN THIS CASE. THE DEFENDANT INCORRECTLY SEEKS THIS COURT TO DENY/DISMISS PLAINTIFF'S COMPLAINT DUE TO THIS COURT NOT STATING OR DISCUSSING THE PUNITIVE DAMAGE ARGUMENT IN THIS INSTANT CASE AND THAT HOEVER IS NOT CONTROLING. FOR WHATEVER REASON'S WHY THIS COURT DID NOT STATE OR DISCUSS THE PUNITIVE ARGUMENT CLAIM, IS UNKNOWN TO THE PLAINTIFF.

2

THE COURT HAS SOLE DISCRETION TO DISCUSS ALL FACTS WITHIN A CIVIL COMPLAINT WITHIN PLAINTIFF'S COMPLAINT. THIS COURT ACCEPTED ALL THE FACTS AND ARGUMENT MADE WITHIN PLAINTIFF'S COMPLAINT AND PASSED IT THROUGH THE "P.L.R.A'S" STRINGENT RULES AND LIMITATIONS, AND ISSUED A SUMMONS FOR THE DEFENDANT TO RESPOND TO THE PLAINTIFF'S COMPLAINT. IN DOING SO THIS COURT UNDER AND WITHIN IT'S DISCRETION FOUND REASON AND LIABILITY, SHOWING THAT THE DEFENDANT IS LIABLE WHEN IT ACCEPTED PLAINTIFF'S COMPLAINT. THEREFORE HOEVER V. MARKS IS IN FACT CONTROLING AND THIS COURTS DISCRETION NEED NOT BE REVIEWED.

PLAINTIFF BRINGS TO THIS COURTS ATTENTION THAT PLAINTIFF BROUGHT THIS COMPLAINT TO THE UNITED STATES DISTRICT COURT AND NOT THE CIRCUIT COURT. PLAINTIFF ALSO POINTS OUT TO THIS COURT THAT SUBSECTION 1997e(e) DOES NOT CATEGORICALLY BAR'S PRISONERS FROM RECOVERING PUNITIVE DAMAGES FOR A TEMPORARY INJURY RESULTING FROM HAVING A SEIZURE THAT COULD HAVE LEAD TO PRISONER GOING INTO A DIABETIC COMA OR COULD HAVE CAUSED HIS DEATH DUE TO A CRITICAL LOW BLOOD SUGAR REACTION. THE PLAINTIFF'S COMPLAINT AND ARGUMENT WAS NOT REQUESTING NOR WAS THE COMPLAINT SEEKING COMPENSATION FOR AN INJURY. THE PLAINTIFF SEEKS PUNITIVE DAMAGES DUE TO THE WRONG AND DANGEROUS CONDUCT OF OFFICER/SGT I. RAMOS HAD DONE, THAT VIOLATED PLAINTIFF'S 8TH AMEN-

Dment right. Officer/Sgt I. Ramos actions was deliberate indifference, when he did not follow his training and acted against his sworn duty. This court should take notice and remember that the "focus [of punitive damages] is on the character of the tortfeasor's conduct Smith 461 U.S. at 54, 103 S.Ct at 1639. Punitive damages when awarded "stand on an entirely different footing from the compensatory damages [2021 U.S. App Lexis 137] 1 Dan B Dobbs, Law of Remedies §3.11(u3) at 529 [2d Ed 1993].

Plaintiff argues that the defendant is asking the court to interpret the punitive damage and such requirement narrowly but the plaintiff asks the court to consider the degree of reprehensibility of the defendants conduct. (2) The disparity between the actual or potential harm that could have been suffered do to the defendants misconduct. The defendant actions should never be allowed to go unpunished. The defendant showed that he doesn't care about the lives thats under his care and control. The defendant also showed that his actions and conduct will always be brushed under the rug because he feels that he can't be touched because of his actions and status as an corrections officer/sgt. Moreover punitive damages are given in order to and for deterrence and punishment of his egregious misconduct. See Calhoun v. Detella, 319 F.3d

4

936.942 (7th Cir 2003). The defendant has not changed his misconduct from the time he became an corrections officer, up until the incident that brought about this compliant or even afterwards. The defendant wants this court to ignore the fact that he violated the plaintiff's 8th Amendment right and asks this court to also ignore the plain language of punitive damages. The eleventh Circuit court ruling is clear that the plaintiff can seek punitive damages, because punitive damages may be recovered for constitutional violations without a showing of compensable injury." Searles v. Van Beeber, 251 F.3d 869, 880 (10th Cir 2001) The plaintiff seeks punitive damages and not compensatory damages or nominal damages in light of Searles 251 F.3d at 881. As this court is aware, just as the defendant should be aware. That the plaintiff has a substantive right governed by Florida substantive law, Florida statue §768.72 to seek punitive damages.

In order to recover punitive damages the plaintiff must show that defendants behavior was "motivated" by evil..... involved reckless or callous indifference to my right. Higgins v. Navarrete 2022 U.S App. Lexis 4831; see also Smith v. Wade 461 U.S. 30, 56, 103 S Ct 1625, 75 L.ed. 2d 632 (1983) also see Sockwell v. Phelps, 20 F.3d 187, 192 [5th Cir 1994]) (stating same)

5

The Plaintiff points out to the Court that in many instances a factual dispute as to a constitutional violation will preclude summary judgement on punitive damages. It will not when there is no material question of fact as to the reckless nature of the Defendants conduct." Heaney v. Roberts 846 F.3d 795, 803 (5th Cir 2017). Within Plaintiffs complaint Plaintiff put forth a factual and sufficient claim for relief where, (1) The Plaintiff in fact showed the evil intent of the Defendant when the Defendant told another inmate "Plaintiffs witness" Barnes, James DC# K83201, that he didn't give a "fuxx" if I die. (2) The Defendant showed reckless and callous indifference to my rights when the Defendant stood there and watched the Plaintiff having a seizure do to a critical low blood sugar reaction. And walked away without preforming his duty and following his training. In which was to call for emergency traffic. Seeking medical personal to respond to foodservice in order to aide the Plaintiff's medical emergency. The actions of the Defendant was motivated by evil and evil intent.

As the Court is aware of the Federal Rules the Plaintiff would bring to the Court's attention, pursuant to Federal Rule of Civil Procedure 12(B)(6) states: To survive a motion to dismiss a complaint must contain suffic-

ient factual matter, accepted as true, to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal 556 U.S. 662, 678, 129 S.Ct 1937, 173 L.Ed. 2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct 1955, 167 L.Ed. 2d 929 (2007). Conclusory statements, assertions or labels will not survive a 12(B)(6) motion to dismiss. Id "A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id see also Edwards v. Prime, 602 F.3d 1276, 1291 (11th Cir. 2010) (setting forth the plausibility standard)" that factual allegations must be enough to raise a right to relief above the speculative level Twombly 550 U.S. at 555.

The plaintiff has satified the rule of Federal Rule of Civil Procedure. 12(B)(6), due to and when this court accepted the plaintiff's motion/complaint as true and it's facts as true.

The plaintiff's motion to deny the defendants motion to dismiss should be granted on plaintiffs argueement herein.

7

## RELIEF SOUGHT

PLAINTIFF RESPECTFULLY REQUEST AND MOVE THIS COURT TO DENY THE DEFENDANT'S MOTION TO DISMISS AND TO MOVE FORWARD WITH THE PLAINTIFF'S COMPLAINT.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT THE FORGOING MOTION IS TRUE AND CORRECT AND UNDER THE PENALTY OF PERJURY, THAT THIS MOTION HAS BEEN PLACED IN THE HANDS OF STAFF HERE AT FRANKLIN C.I. TO BE MAIL VIA U.S MAIL TO THE FOLLOWING: UNITED STATES DISTRICT COURT 1 NORTH PALAFOX STREET PENSACOLA FLA. 32502 AND TO DEFENSE COUNSEL BRIAN FALLON, THE CAPITOL, SUITE PL-01 TALLAHASSEE FLA. 32399 ON THIS 12TH DAY OF DECEMBER 2023.

MARCEL A. WRIGHT
DC# L35303-G1127-S
FRANKLIN C.I.
1760 HIGHWAY 67 NORTH
CARRABELLE FLA. 32322

MARCEL A. WRIGHT
DC#L35303- CM27-S
FRANKLIN CORRECTIONAL INSTITUTION
760 HIGHWAY 67 NORTH
CARRABELLE, FLA. 32322

MAILED FROM A STATE
CORRECTIONAL INSTITUTION

JACKSONVILLE FL 320

12 DEC 2023 PM

02 1P $ 000.87⁰
0000932249    DEC 12 2023
MAILED FROM ZIP CODE 32322

UNITED STATES DISTRICT COURT
1 NORTH PALAFOX STREET
PENSACOLA FLA. 32502

LEGAL MAIL

INDIGENT LEGAL MAIL