UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARCEL WRIGHT,
    Plaintiff,

v.                                        Case No.: 3:23cv15676/LAC/ZCB

OFFICER I. RAMOS,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case. Defendant has moved to dismiss Plaintiff's claim for punitive damages. (Doc. 27). Plaintiff has responded in opposition. (Doc. 38). For the reasons below, Defendant's motion should be denied.

### I.    Plaintiff's Amended Complaint

Plaintiff's amended complaint names Correctional Officer I. Ramos as the sole Defendant. (Doc. 24 at 2). Plaintiff alleges that on August 12, 2022, Defendant was deliberately indifferent to his serious medical need in violation of the Eighth Amendment. (*Id*. at 5-11). He seeks monetary damages. (*Id*. at 10-11).

1

## II.  Discussion

Defendant has moved to dismiss Plaintiff's claim for punitive damages on the ground that it is barred by 18 U.S.C. § 3626(a)(1)(A). (Doc. 27 at 2-10).  Section 3626 provides in relevant part:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C. § 3626(a)(1)(A).  The statute defines "prospective relief" as "all relief other than compensatory monetary damages."  18 U.S.C. 3626(g)(7).

The Eleventh Circuit has held that punitive damages are subject to § 3626(a)(1)(A)'s restrictions.  *Johnson v. Breeden*, 280 F.3d 1308, 1325 (11th Cir. 2002), *abrogated on other grounds by Kingsley v. Hendrickson*, 576 U.S. 389, 395 (2015).  The Eleventh Circuit, however, has not

2

addressed whether punitive damages are unavailable or categorically barred under § 3626.[1]

In *Johnson*, the court interpreted § 3626(a)(1)(A) and its effect on the recovery of punitive damages this way:

> Because Congress has provided that punitive damages are prospective relief, we must give the requirements of § 3626(a)(1)(A) some meaning in the context of punitive damages. We think those requirements mean that a punitive damages award must be no larger than reasonably necessary to deter the kind of violations of the federal right that occurred in the case. They also mean that such awards should be imposed against no more defendants than necessary to serve that deterrent function and that they are the least intrusive way of doing so. Many factors may enter into that determination. For example, the number of excessive force violations an individual defendant or institution has had might affect whether punitive damages were necessary, and if so, the amount required to deter future violations.

*Johnson*, 280 F.3d at 1325.

Under *Johnson*, before a district court may enter an order granting punitive damages, it must determine "whether it [i]s reasonably

---

[1] The Eleventh Circuit declined to address the issue in *Hoever v. Marks*, 993 F.3d 1353, 1364 n.5 (11th Cir. 2021) ("We decline the government's invitation to address the availability of punitive damages in prison condition cases under 18 U.S.C. § 3626, as it falls outside the scope of the en banc briefing question posed to the parties." (citation omitted)); *see also Al-Amin v. Smith*, 637 F.3d 1192, 1199 n.10 (11th Cir. 2011) (declining to consider prison officials' argument that 18 U.S.C. § 3626 prohibits a prisoner's recovery of punitive damages).

necessary that [the defendants] be ordered to pay" punitive damages "in order to deter future Eighth Amendment excessive force violations by them or others at this institution." *Id.* at 1325; *see also Benton v. Rousseau*, 940 F. Supp. 2d 1370, 1380 (M.D. Fla. 2013) (considering an award of punitive damages in light of the restrictions imposed by § 3626(a)(1)(A) and determining that $15,000 in punitive damages for prison officials' use of excessive force on the prisoner-plaintiff satisfied that standard).

At this stage in the proceeding, the Court need not decide whether Plaintiff may recover punitive damages. Resolution of the issue is not dispositive of this case and liability must still be determined.[2] Defendant

---

[2] Defendant characterizes Plaintiff's amended complaint as seeking only punitive damages. (Doc. 27 at 2). But Plaintiff's complaint is not so clear. Plaintiff's initial complaint sought $2 million in monetary damages. (Doc. 1 at 11). Plaintiff then sought to amend his complaint "to add the claim/ground of and for punitive damages." (Doc. 22 at 1). The Court granted Plaintiff's motion to amend, and accepted Plaintiff's amended complaint as the operative complaint. (Doc. 23). The amended complaint, like the first, seeks $2 million in monetary damages. (Doc. 24 at 11). The complaint does not specify whether Plaintiff seeks only nominal, compensatory, or punitive damages. Liberally construing the Plaintiff's complaint, as the Court must at this stage, Plaintiff's request for "$2 million" does not limit him to only punitive damages. *See Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

Plaintiff does write in his reply to Defendant's motion to dismiss that he is not seeking "compensatory damages or nominal damages in

may raise the issue again at later stages in this litigation. Judges in this District and others across the country have reached the same conclusion in similar situations. *See, e.g., Watson v. Harris*, No. 1:23cv41/AW/ZCB, 2023 WL 9058715, at *2 (N.D. Fla. Dec. 8, 2023) *adopted by*, 2024 WL 23160 (denying motion to dismiss punitive damages claim because the issue was non-dispositive and a ruling on the motion would not change the course of the proceedings); *Baker v. Rathel*, No. 1:23cv3/AW/MJF, 2023 WL 7496224, at *4-5 (N.D. Fla. Oct. 5, 2023) *adopted by*, 2023 WL 7497491 (same); *Vaughn v. Cambria Cnty. Prison*, 709 F. App'x 152, 155 n.2 (3d Cir. 2017) (deferring consideration of whether punitive damages are available under 18 U.S.C. § 3626(a)(1)(A) "because liability has not yet been found"); *Canaan Apothecary, LLC v. Salisbury Pharmacy Group, LLC*, No. 3:12-cv-1571, 2014 WL 788944, at *5 (D. Conn. Feb. 25, 2014)

---

light of *Searles*, 251 F.3d at 881." (Doc. 38 at 5). But the Court sees this one-off statement as a misunderstanding of the law and attributes it to Plaintiff's *pro se* status, rather than a true waiver of his nominal damages claim. Indeed, Plaintiff appears to misunderstand the holding in *Searles v. Van Bebber*, 251 F.3d 869 (10th Cir. 2001). As best the Court can tell, it appears Plaintiff believes that he is not entitled to compensatory *or nominal* damages because he has no physical injuries. (Doc. 38 at 3, 5). This is not true. Plaintiff may be entitled to nominal damages upon a showing of a violation of his constitutional rights. *See Hoever v. Marks*, 993 F.3d 1353, 1361-62 (11th Cir. 2021).

(declining to rule at the motion to dismiss stage on the availability of punitive damages); *D'Pergo Custom Guitars, Inc. v. Sweetwater Sound, Inc.*, No. 17-cv-747, 2018 WL 6519070, at *6 (D.N.H. Dec. 11, 2018) (refusing to resolve entitlement to punitive damages at the motion to dismiss stage).

### III. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that (1) Defendant's motion to dismiss (Doc. 27) be **DENIED without prejudice**, and (2) this case be returned to the undersigned for further proceedings.

At Pensacola, Florida this 8th day of February 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.